[No. 5692.]

THE CAPITOL NATIONAL BANK v. HOLMES ET AL.

1.  **Subrogation — Mortgages — Equity of Redemption Sale — Rights of Purchaser.**

When a person having a subsequent interest in premises, and a right to redeem to protect such interest, pays off a mortgage although not primarily liable to do so, he may keep alive the lien as a security for himself against other incumbrances, and be subrogated to the rights of the mortgagor to the extent necessary for his protection; and whether he does so is a question of intention.—P. 159.

2.  **Mortgages — Assumption of Mortgage by Grantee — Presumption.**

When the owner of a fee title pays off a prior incumbrance without actual notice of a junior judgment lien, it will be presumed that he paid it off for his own benefit, and equity will treat him as the assignee of the original incumbrance and will revive and enforce it for his benefit; and even though the deed to him recites that he shall pay off the mortgage as a part of the purchase price, he is entitled to subrogation.—P. 161.

3.  **Mortgages—Sale of Property—Recital in Deed—Liability for Mortgage Debt.**

The recital in a deed that the premises are "subject to a mortgage," does not import a promise on the part of the purchaser to pay the mortgage debt.—P. 161.

4.  Subrogation—Mortgages—Sale of Property—Payment of Mortgage by Purchaser — Discharge on Record — Rights as Against Judgment Lien Without Notice.

The owner of premises executed a mortgage thereon, and thereafter plaintiff filed a transcript of a judgment against such owner, but before proceedings were taken to enforce it, the land was transferred to defendant, H., the owner representing to him that the mortgage was the only incumbrance thereon, and furnishing him with an abstract prepared by a reputable company, and defendant caused said title to be examined by regular practicing attorneys before purchasing, and found it to be free from incumbrances except a mortgage. Defendant thereafter paid off the mortgage, and filed for record a release thereof, still having no actual knowledge of plaintiff's judgment against his grantor. Plaintiff, in an action to enforce his judgment lien, contended that the payment of the mortgage by defendant and the release thereof on record operated as a discharge, and the judgment lien thereby became a prior lien on the property. Held, that defendant, H., having paid the mortgage in ignorance of the judgment lien, and without negligence on his part, he will be subrogated to the rights of the mortgagor, and the mortgage will be revived for his benefit as a prior lien to plaintiff's judgment lien.—P. 162.

*Appeal from the District Court of the City and County of Denver.*

*Hon. F. T. Johnson, Judge.*

Action by The Capitol National Bank, a corporation, against Orel Holmes and Mary Wright. From a judgment for defendant Holmes on his cross-complaint, subrogating him to certain rights under a mortgage, plaintiff appeals.          *Affirmed.*

Messrs. BICKSLER, BENNETT & NYE, for appellant.

Mr. R. H. GILMORE and Messrs. MILLER & BARND, for appellees.

Mr. JUSTICE GODDARD delivered the opinion of the court:

The facts set out in the pleadings and found by

the court that are pertinent to the question presented in this case are, in brief, as follows: On the 11th day of March, 1902, Mary Wright was the owner in fee simple and in possession of certain described real estate. On the 11th day of March, 1902, she executed a note for fifteen hundred dollars to one Hugh McFetrich, and on the same date to secure the payment of said note executed a mortgage on said real estate. Thereafter, and on September 10, 1904, the appellant, The Capitol National Bank, caused to be filed with the county clerk and recorder of Adams county, Colorado, where the land was situated, a transcript of a judgment obtained against Mary Wright for the sum of five hundred eighty-six dollars and seventy-seven cents and costs. On the 19th day of September, 1904, and before the appellant had taken any steps to enforce its judgment by execution, Mary Wright sold, and by warranty deed conveyed, the land to Orel Holmes, one of the appellees herein. Holmes immediately went into possession of said property, and on September 21, 1904, paid said mortgage and caused the same to be satisfied of record. As alleged in the cross-complaint, and as found by the court below, the defendant Wright had, as an inducement to the said purchase, represented to the defendant Holmes that the said premises were free of all liens and incumbrances except the mortgage given by the defendant Wright to secure to Hugh McFetrich the sum of fifteen hundred dollars and interest thereon. That previous to the completion of said purchase, the defendant Wright furnished to the defendant Holmes an abstract of title prepared by a reputable abstract company which was engaged in the business of furnishing abstracts of title to lands in said Adams county; that after the defendant Holmes had caused said title to be examined by attorneys-at-law in regular practice in this state, who

found the title to the same free from incumbrance except said mortgage as shown by the entries on said abstract of title, that the defendant Holmes, at the time he completed said purchase and paid the amount of said mortgage and filed for record the release of said mortgage, had no actual knowledge of the judgment, and the entry of the same had by accident or otherwise been omitted from the said abstract of title of the said premises; that the defendant Holmes, in making the said purchase and in examining the title to the said premises, pursued the usual and customary method to inform himself as to the condition of the title to said premises, and adopted the usual and customary precautions in order to learn the condition of the said title, and was, in that behalf, free from negligence; and it was ordered, adjudged and decreed by the court "that the defendant Orel Holmes be subrogated to the rights of Hugh McFetrich in and under said mortgage, and that the said mortgage be revived and restored as if the same had never been released and that the defendant Holmes be regarded as the equitable assignee thereof; that the release of mortgage executed by said Hugh McFetrich, * * * be canceled and held for naught, as of the date in which the same was executed by the said mortgagee, * * * and that said mortgage be fully restored on the records where the same is recorded as a lien upon the said premises senior, prior and superior to the lien of the said judgment of the plaintiff against the defendant Wright." And thereupon proceeded to foreclose said mortgage in behalf of the defendant Holmes, and ordered that the proceeds realized from a sale of said premises under such foreclosure proceeding be first applied to the payment of the mortgage debt, and the excess, if any, be applied upon the said judgment in favor of the appellant.

The contention of counsel for appellant is, that in the circumstances of this case, the payment of the mortgage by Holmes and the release of the same on record operated as a satisfaction and discharge of said mortgage, and that its judgment lien thereby became a prior and paramount lien upon said property.

To the contrary, counsel for appellees insist that the payment of the note and the satisfaction of the mortgage being made by Holmes, without actual notice of the lien of the judgment, and he being, as the court found, free from negligence, and having paid the mortgage under a mistake of fact, that he is entitled in equity to be subrogated to the rights of the original mortgagee under the well-settled equitable doctrine that the mere fact of a charge having been paid off does not *ipso facto* extinguish it, but if there is any reason for keeping it alive, such as the existence of another incumbrance, equity will not destroy it.

The rule invoked is stated by Pomeroy in his work on Equity Jurisprudence, vol. 3, § 1212, as follows:

"In general, when any person having a subsequent interest in the premises, and who is, therefore, entitled to redeem for the purpose of protecting such interest, and who is not the principal debtor primarily and absolutely liable for the mortgage debt, pays off the mortgage, he thereby becomes an equitable assignee thereof, and may keep alive and enforce the lien so far as may be necessary in equity for his own benefit; he is subrogated to the rights of the mortgagee to the extent necessary for his own equitable protection."

In *Vaughn v. Consolidated Mining Co.*, 21 Colo. 54, this court held that the purchase of a prior charge or incumbrance upon property by one who claims the ownership in fee, does not in equity neces-

sarily merge the charge or incumbrance, and therein we applied the rule as announced in section 798 in volume 2 of his work, which is also particularly applicable to the facts in this case:

"When an owner of the premises who is not personally and primarily liable to pay the debt secured pays off a mortgage or other charge upon it, he *may* keep the lien alive as a security for himself against other incumbrances or titles, and thus prevent a merger. Whether he does so is a question of intention, governed by the rules laid down in the previous paragraphs."

Counsel for appellant, however, while conceding the general rule to be as above stated, insist that it is not applicable to the facts in this case, for the reason that their judgment being a lien of record, that Holmes paid the mortgage in question with legal notice of its existence, and that the consideration in the deed to him being practically the full value of the land, that as between Wright and himself the real consideration was the extinguishing of the debt secured by the mortgage.

There is some authority to support the first contention, and also to the effect that where a grantee agrees, as a part of the consideration, to pay off the mortgage, that such payment results in the extinguishment of the mortgage, and the party is not entitled to subrogation, but the question of merger being governed by the intention of the parties, we think that upon principle and under the rule announced in a large majority of cases, that when the owner of the fee title pays off a prior incumbrance, without *actual* notice of the junior judgment lien, it will be presumed that he paid the same for his own benefit and the protection of his own interests, and equity will treat him as the assignee of the original

incumbrance and will revive and enforce it for his benefit.

In *Darrough v. Herbert Kraft Company Bank,* 125 Cal. 272, 57 Pac. 983, 984, the facts were very similar to those in the case at bar. It is there said that the rule laid down by the California court in previous decisions, citing them, was, "that a junior lien-holder shall derive no advantage over a senior lien, where such senior lien has been paid off and canceled by the owner of the premises to which the liens attached without actual knowledge on the part of such owner of the existence of such junior lien, and that it will be presumed that such owner made the payment for his own benefit, and not for the benefit of the junior lien-holder, and for the protection of his interests equity will treat such owner as the as-signee of the original senior lien-holder, and will revive and enforce such senior lien for his benefit."

In *Bruse v. Nelson,* 35 Iowa 157, the court said:

"But it is urged that the Lamb mortgage was of record, and plaintiff had constructive notice of it, and therefore cannot be relieved. This position proves too much. In order that a debt may attach as a lien prior to a mortgage, it must always, in some way, appear of record. * * * The argument, then, would amount to this, that a mortgage released in mistake could never be restored against a prior claim, which was in a condition to become a lien. In other words, that the lien of the mortgage could never be restored, except when the restoration is un-necessary and unimportant."

In *Johnson v. Tootle,* 14 Utah 482, 47 Pac. 1033, 1034, a case very like in its facts to those before us, it is said:

"The general principle which runs through nearly all the cases of this character is that, 'when the legal rights of the parties have been changed by

mistake, equity restores them to their former condition, when it can be done without interfering with any new right acquired on the faith and strength of the altered condition of the legal rights, and without doing injustice to other persons.' "

We think that the authorities largely preponderate in favor of the proposition that although the deed recites that the purchaser shall pay off the mortgage as a part of the purchase price, he is entitled to subrogation. Among them are: *Young v. Morgan,* 89 Ill. 199; *Johnson v. Tootle, supra; Barnes v. Mott,* 64 N. Y. 397; *Emmert v. Thompson,* 49 Minn. 386; *Ayers v. Adams,* 82 Ind. 109; *Rumpp v. Gerkens,* 59 Cal. 496; *Elliott v. Tainter,* 93 N. W. 124.

And that the taking a deed containing a recital that the premises are "subject to a mortgage" does not import a promise on the part of the purchaser to pay the mortgage debt.—Jones on Mortgages, vol. 1, § 865; *Pike v. Goodnow,* 12 Allen 472; *Strong v. Converse,* 8 Allen 557; *Campbell v. Knights,* 24 Me. 332; *Weed Sewing Machine Co. v. Emerson,* 115 Mass. 554; *Belmont v. Coman,* 22 N. Y. 438.

*Barnes v. Mott, supra,* was an action to have a lien of a judgment upon certain premises discharged, and to restore the lien of a former mortgage thereon that had been paid off and satisfied by a subsequent owner in ignorance of the judgment. The court, per Allen, J., said:

"So much of the judgment as restores the mortgage upon the premises now owned by the plaintiffs, paid off and satisfied by the devisees of Burr, the then owners, and reinstates the same as a lien upon the mortgaged premises, prior and paramount to the lien of the judgment recovered by Orchard and assigned to the defendant, is clearly right. Upon payment of the mortgage by the then owners of the premises, they were entitled to all the rights of the

mortgagee, and to an assignment of the mortgage; and having caused the same to be satisfied under circumstances authorizing an inference of a mistake of fact, equity will presume such mistake and give the party the benefit of the equitable right of subrogation. To do so in this case is to prevent manifest injustice and hardship, and interferes with no superior intervening equities.—*Hyde v. Tanner,* 1 Barb. 76; *Runyan v. Stewart,* 12 *id.* 537; per Wells, J."

The facts alleged in the second answer and cross-complaint, and admitted by the demurrer, abundantly show that the defendant Holmes, in paying off the McFetrich mortgage, was not negligent, but was in ignorance of the judgment lien and acted under such a mistake of fact, although the judgment lien was of record, that in equity he is entitled to be subrogated to the rights of McFetrich under the mortgage, and that the court properly overruled the demurrer to the second answer and the cross-complaint, and rendered judgment in favor of appellee Holmes.

Its judgment is, therefore, affirmed. *Affirmed.*

Chief Justice Steele and Mr. Justice Bailey concur.