---

## No. 9871.

### LAWSON v. WHITLEY.

Decided Nov. 8, 1920. Rehearing denied Jan. 10, 1921.

Action to restore lien of trust deed released by mistake. Judgment for plaintiff.

#### *Affirmed.*

1. REAL PROPERTY—*Trust Deed—Release by Mistake.* The beneficiary under a trust deed released her lien and took a new trust deed in ignorance of an intervening judgment lien not disclosed by the abstract of title. In these circumstances she was not guilty of any negligence which would bar her or her successor in interest from relief in equity.

2. EQUITY—*Restoration of Legal Rights.* When legal rights of parties have been changed by mistake, equity restores them to their former condition, when it can be done without interfering with any new right acquired on the faith and strength of the altered condition of the legal rights, and without doing injustice to other persons.

3. REAL PROPERTY—*Restoration of. Mortgage Lien.* The release of a mortgage in ignorance of an intervening judgment is generally held in equity to be a mistake, and the lien of the mortgage will be restored where it is shown that complainant was not guilty of negligence.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. THEODORE H. THOMAS, Mr. J. I. HOLLINGSWORTH, for plaintiff in error.

Mr. JOHN D. MILLIKEN, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a suit in equity for the restoration of the lien of a certain deed of trust which, it is alleged, was released of record by mistake.

In 1911 one Nelson G. Lawson executed a certain deed of trust to the public trustee, for the use of Nellie S. Ruffner, to secure the payment of a note of $1250.00 with interest. In 1913 John L. Lawson, the plaintiff in error, recovered a judgment against Nelson G. Lawson, and caused the judgment to become a lien on the latter's interest in the real estate conveyed by the deed of trust. In 1917, and after the maturity of the note, Nelson G. Lawson paid $250.00 and the interest due on the note. He then executed a new note for the balance of the principal of the old note. To secure the payment of the second note, representing the original debt, he executed a new deed of trust, and the first deed of trust was duly released of record.

The decree awards to the second deed of trust a priority of lien as against the judgment. The judgment lienor brings the cause here for review, seeking a reversal of the

decree principally upon the ground that it is against the law and the evidence.

The record shows that Nellie S. Ruffner caused the first deed of trust to be released without having any actual knowledge of the intervening judgment of John L. Lawson, and because of this mistake, placed her security, thereafter represented by the second deed of trust, in subordination to the judgment lien. The mistake was due to the fact that she, in the transaction involving the release, relied upon an abstract of title to the real estate affected by the liens in question, and owing to the fault of the abstractor, the abstract made no mention of the judgment or judgment lien. Under these circumstances she was not guilty of any negligence which bars her or her successor in interest, the plaintiff below, from relief in equity. *Capitol Nat. Bank v. Holmes,* 43 Colo. 154, 95 Pac. 314, 127 Am. St. Rep. 109, 16 L. R. A. (N. S.) 470; *Strehlow v. Fee,* 36 N. D. 59, 161 N. W. 719. The plaintiff was entitled to relief upon the principle, stated in the Colorado case above cited as follows:

"When the legal rights of the parties have been changed by mistake, equity restores them to their former condition, when it can be done without interfering with any new right acquired on the faith and strength of the altered condition of the legal rights, and without doing injustice to other persons."

In 19 R. C. L. 472, citing *Capitol Nat. Bank v. Holmes, supra,* it is said:

"The release of a mortgage in ignorance of an intervening judgment or suit is generally held in equity to be a mistake, and the lien of the mortgage will be restored where it is shown that the complainant was not guilty of negligence."

The judgment lien holder did not change his position in reliance upon the release further than to bid in the property at his execution sale. The decree sets aside the sale, and also vacates the satisfaction of the judgment. By the provisions of the decree the judgment lien holder is placed in

the same position he occupied prior to the release.  *Streh-low v. Fee, supra.*

The judgment is affirmed.

MR. CHIEF JUSTICE GARRIGUES and MR. JUSTICE BAILEY concur.