[Civ. No. 11150. Second Appellate District, Division Two.—January 29, 1937.]

JAMES IRVINE, Appellant, v. CALIFORNIA COTTON CREDIT CORPORATION (a Corporation) et al., Respondents.

Scarborough and Bowen for Appellant.

Flint & MacKay, Wesley L. Nutten, Jr., and Donald W. Hamblin for Respondents.

McCOMB, J., *pro tem.*—Plaintiff appeals from a judgment in his favor after a trial before the court without a jury, claiming that the amount of the award should be increased.

The material and undisputed facts are these:

Plaintiff leased certain acreage to be used for raising cotton. The lease provided that plaintiff was to receive 25 per cent of the crop as rental for the leased land. Plaintiff executed a subordination instrument whereby the lessee mortgaged all the crop to defendant, California Cotton Credit Corporation. The subordination agreement expressly limited the amount to which plaintiff would subordinate his share in the crop to (a) operating costs on the leased land not to exceed $12 per acre, (b) power bills, and (c) expenses of *harvesting* the crop. The crop was harvested and ginned. The proceeds of the sale of plaintiff's share of the cotton and cotton seed were $23,506.52, from which was deducted $2,306.31, the cost of ginning plaintiff's share of the cotton, which left a balance of $21,200.21. $13,000 of this balance defendant paid to plaintiff on account, leaving unpaid the sum of $8,200.21. From this last amount the trial court deducted $6,650.74, representing a portion of the cost of ginning the lessee's share of the cotton.

This is the sole question presented for our determination:

*Is the cost of ginning lessee's cotton an item secured by the subordination agreement executed by plaintiff?*

The law is well settled that rights of priority under an agreement of subordination extend to and are limited strictly by the express terms and conditions of the agreement. (*W. P. Fuller & Co.* v. *McClure,* 48 Cal. App. 185, 196 [191 Pac. 1027]; *Schoemer* v. *Zeran,* 126 Wash. 219 [217 Pac. 1009, 1012]; *Joralman* v. *McPhee,* 31 Colo. 26 [71 Pac. 419, 420].)

Since in the instant case the subordination agreement did not cover the cost of ginning lessee's cotton, the amount thereof was not secured by the mortgage on plaintiff's share of the crop and therefore the amount thereof was improperly deducted from the balance due to plaintiff.

The judgment is modified with instructions to the trial court to enter judgment in favor of plaintiff in the amount of $8,200.21, together with interest and costs.

Crail, P. J., and Wood, J., concurred.