No. 21772.

The Colorado National Bank of Denver, Successor Trustee *v.* F. E. Biegert Co., Inc., of Denver, Colorado; John T. Faulkner; Frank's Excavating, Inc., a Colorado corporation; Frigidaire Sales Corporation; Gates Forming Accessories, Inc.; Robert Guildner individually and d/b/a Bob Guildner Plumbing & Heating; Jefferson Transit Mix Company; C. E. Kentz Construction Co., a Colorado corporation; Larkin Drywall Co., a Colorado corporation; Prudential Insurance Company of America, a New Jersey corporation; The Title Guaranty Company; The United States Director of Internal Revenue; Western Plywood and Lumber, Inc.; Wheatridge Lumber Company, a Colorado corporation.

(438 P.2d 506)

Decided February 13, 1968.

GRANT, SHAFROTH, TOLL AND MCHENDRIE, PETER J. CROUSE, for plaintiff in error.

FAIRFIELD and WOODS, ROYAL C. RUBRIGHT, CHARLTON H. CARPENTER, ARNE J. SALMI, for defendants in error The Title Guaranty Company and Prudential Insurance Company of America.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

THE Colorado National Bank (bank), plaintiff in error, is successor trustee to F. M. Catherwood, who died during the pendency of the proceedings from which this review stems. Catherwood was a defendant in one claim (No. 10, relating to Tract 262) of a multiclaim suit brought by Wheatridge Lumber Company to foreclose a number of mechanics' liens on various tracts of land. Wheatridge Lumber Company, plaintiff below, The Title Guaranty Company, Prudential Insurance Company, and all of those designated by Wheatridge Lumber Company as defendants because they claimed an interest in Tract 262, were designated as defendants in error. However, Prudential Life Insurance Company and The Title Guaranty Company are the only ones who appeared and filed briefs in this court. Final disposition in the trial court is awaiting our determination of the issue which we have been asked to review.

Catherwood responded to the Wheatridge Lumber Company's complaint by answer, a counterclaim, and

also by cross-claims against Prudential Insurance Company (Prudential), The Title Guaranty Company (Title Guaranty), and all other defendants alleged to have an interest in Tract 262. Prudential and Title Guaranty jointly filed a motion to dismiss the cross-claims for failure to state claims upon which relief could be granted. R. C. P. Colo. 12(b)(5). Final judgment was then entered on the granting of the motion to dismiss, the effect of which was to relegate Catherwood to last place in order of priority of liens. Although not asked for in the motion to dismiss, the district court, in its order, dismissed the counterclaim against Wheatridge Lumber Company and the cross-claims against *all* defendants. It was the granting of the motion to dismiss which provoked the issuance of the writ of error.

■■ In this posture the only issue for our determination is whether or not the counterclaim and the cross-claims, which were pleaded by Catherwood, stated a claim upon which relief could be granted. We therefor must look to the four corners of the pleading in question to determine whether a claim was stated in any one of the cross-claims upon which relief can be granted. *Gayton v. Colorado,* 149 Colo. 72, 367 P.2d 899. In so testing, all matters well pleaded will be assumed to be true. *Martinez v. Ute Tribe,* 150 Colo. 504, 374 P.2d 691; *Stapp v. Carb-Ice Corp.,* 122 Colo. 526, 224 P.2d 935.

■ Catherwood's pleading set up three separate claims. In the *first claim,* it is alleged generally that as of February 23, 1962, Catherwood was the beneficiary of a first deed of trust on unimproved Tract 262, securing the sum of $6,750, which deed of trust was a first lien (this has reference to the purchase price deed of trust); that on August 17, 1962, to enable C. E. Kentz Construction Company (Kentz), owner of Tract 262 (who purchased from Catherwood), to secure a construction loan from Prudential in the amount of $28,000, Catherwood, without any negligence on her part, signed

and transmitted to Title Guaranty, the agent of Prudential, a release of her first deed of trust, together with a newly executed deed of trust from Kentz, with Catherwood as beneficiary, bearing the original date and securing the original indebtedness of $6,750; that the release and new deed of trust were transmitted to Title Guaranty, as agent of Prudential, with instructions that upon the release of the original first deed of trust by the recordation thereof the new deed of trust be recorded, upon the condition that the new deed of trust be subordinate only to a deed of trust for the benefit of Prudential and that there be no other liens of any kind or nature prior to the lien of the new Catherwood deed of trust; that Title Guaranty, acting in its capacity as agent for Prudential, on August 22, 1962, recorded the release of the original Catherwood deed of trust and the Prudential deed of trust; subsequently, on September 24, 1962, after the commencement of work and the furnishing of materials in July 1962 by Wheatridge Lumber Company and others, Title Guaranty recorded the new deed of trust for Catherwood; that the conditions under which the release of the original Catherwood deed of trust was delivered to Title Guaranty had been broken; that Prudential and Title Guaranty wrongfully and mistakenly recorded the release of the original Catherwood deed of trust in violation of Catherwood's instructions; and that as between Catherwood and all other parties to the action the release of the original deed of trust is null and void and should be set aside and the original deed of trust be declared a first lien on the property.

In the *second claim* of the amended cross-claims, Catherwood realleged most of the facts set forth in the first claim and further alleged that the release of the Catherwood deed of trust was furnished to Title Guaranty and Prudential with the understanding that the Catherwood lien was being subordinated only to the construction loan from Prudential to the extent of the

actual amount to be loaned by Prudential for material and labor, but not to exceed $28,000; that less than $28,000 was actually incorporated into the property and that the lien of Prudential is prior and superior to the lien of Catherwood, only to the extent that monies advanced by Prudential were actually incorporated into an improvement on Tract 262; and asked that there be an accounting.

In her *third claim* of the amended cross-claims, Catherwood alleged that she delivered the release of her original deed of trust to Title Guaranty and Prudential, upon condition that it not be recorded unless the new deed of trust be subordinate only to the deed of trust to Prudential; and that Title Guaranty and Prudential negligently breached a duty to Catherwood by releasing the defendant's original deed of trust at a time when the property in question was subject to prior and superior mechanics' liens which were then being asserted by the lienors; that the amount of Prudential's deed of trust and the mechanics' liens asserted as having priority over Catherwood exceed the value of the property and, as a direct and proximate result of the negligence of the defendants, there is no equity in the property against which the claim of Catherwood may be satisfied; that Kentz is insolvent and there are no assets for the benefit of general creditors out of which her note, when reduced to judgment, in the amount of $6,750 could be satisfied. Because of the foregoing, Catherwood alleged that she had been damaged in the amount of $6,750, plus interest, attorney's fees and costs, as provided in the note.

In the first two claims for relief, the bank is asking that the court, in effect, reinstate the original Catherwood deed of trust so that its lien will be subject only to the deed of trust of Prudential to the extent of the actual amount of money advanced for improvements to the property in question. These claims are founded in equity. *Holt v. Mitchell*, 96 Colo. 412, 43 P.2d 388;

*Lawson v. Whitley,* 69 Colo. 346, 194 P. 355; *Joralmon v. McPhee,* 31 Colo. 26, 71 P. 419.

In the third claim the bank prays for a money judgment against Prudential and Title Guaranty for the amount of its claim. This claim is based on a breach of contract.

At the outset, the court was confronted with C.R.S. '53, 86-3-6, which in pertinent part reads:

"All liens, established by virtue of this article shall relate back to the time of the commencement of work under the contract between the owner and the first contractor, or, if said contract be not in writing, then such liens shall relate back to and take effect as of the time of the commencement of the work upon the structure or improvement, *and shall have priority over any and every lien or encumbrance subsequently intervening,* or which may have been created prior thereto, but which was not then recorded, and of which, the lienor, under this article, did not have actual notice. *Nothing herein contained, however, shall be construed as impairing any valid encumbrance upon any such land, duly made and recorded prior to the signing of such contract, or the commencement of work upon such improvements or structure * * *."* (Emphasis added.)

We must assume, since the record is devoid of any indication of the trial court's reasoning, that inasmuch as the work on the structure or improvement commenced prior to the recording of the second Catherwood deed of trust, that other circumstances pleaded in the cross-claims were, in the court's opinion, of no consequence in determining priorities. In this the court was wrong. This court, in *Joralmon v. McPhee, supra,* in commenting on the relative rights of lien claimants and beneficiaries under deeds of trust, observed:

"The sections we have cited were enacted for the protection of those engaged in the erection of, or furnishing materials for, a building, but they were not intended to, and cannot, secure them the rights therein

mentioned under any and all circumstances * * *. These statutory provisions must be construed in connection with the rules of law which ordinarily fix the rights of parties, and are applicable to any given transaction under consideration. They are not so ironclad that their provisions may not be waived or modified by the conduct of the parties * * *."

The situation here is such that equity requires the application of the *Joralmon* rule to the instant case.

■ In the court's opinion in *Lawson v. Whitley, supra,* the court quoted with approval this proposition from *Capitol Nat. Bank v. Holmes,* 43 Colo. 154, 95 P. 314:

"When the legal rights of the parties have been changed by mistake, equity restores them to their former condition, when it can be done without interfering with any new right acquired on the faith and strength of the altered condition of the legal rights, and without doing injustice to other persons."

As to the first and second cross-claims, we note, according to the pleadings, that at the time of the commencement of the work in July 1962, the original Catherwood deed of trust stood of record. It was not released until August 22, 1962, and then, contrary to the instructions of Catherwood, and without any negligence on the part of Catherwood.

The situation here is comparable to that in *Lawson v. Whitley, supra,* where a deed of trust beneficiary, without any negligence on her part, released the original deed of trust and recorded a new deed of trust in ignorance of an intervening judgment lien which had been placed of record. The beneficiary had relied on an abstract of title which failed to show the judgment lien. There, as here, the beneficiary asked to be restored to her original position.

This court, in *Lawson v. Whitley, supra,* held that in relying upon the abstract, the beneficiary was not guilty of any negligence which would bar her from relief.

Further, the court held that no intervening rights had been created *in reliance* on the release of the first deed of trust, and that the beneficiary could be restored to her original position without injury to innocent parties.

We therefore conclude that as to the first two claims the cross-claims stated facts which, if true, entitled Catherwood to relief. See also, *Sunvara Co. v. Fiduciary Co.*, 150 Colo. 143, 371 P.2d 431; *Capitol National Bank v. Holmes, supra.*

In the third claim, Catherwood alleged that in releasing her original deed of trust, under the circumstances, Title Guaranty and Prudential neg igently breached their duty to her as set forth in her written instructions to them, to her damage in the amount of $6,750. This sufficiently alleged a claim for relief.

▮ The cross-claims contained allegations which, if established upon trial, entitled plaintiff in error to relief. The motion to dismiss was erroneously granted. *Cook v. Denver*, 128 Colo. 578, 265 P.2d 700.

It should be emphasized that we are not here adjudicating the relative rights, if any, of third persons who are not parties to the proceedings in this court, but who are parties to the litigation in the trial court.

The judgment of the trial court is reversed and the cause remanded with directions to the trial court to set aside its order granting the motion to dismiss and to reinstate the answer, counterclaim and cross-claims for further proceedings not inconsistent with the views expressed herein.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE PRINGLE not participating.