480 P.2d 602 (1971)
POPE HEATING AND AIR CONDITIONING COMPANY, Plaintiff in Error,
v.
GARRETT-BROMFIELD MORTGAGE COMPANY, Travis Investment Company, Carroll S. Delaney, Coleman Electric Company, Defendants in Error.
No. 70-371. (Supreme Court No. 22888.)
Colorado Court of Appeals, Division I.
January 26, 1971.
*603 Leslie A. Gifford and Floyd B. Engeman, Aurora, for plaintiff in error.
Neef, Swanson & Myer, Fred E. Neef, Robert Swanson, Rendle Myer, Edward C. Eppich, Holland & Hart, J. E. Hegarty, Fuller & Evans, Pierpont Fuller, Denver, for defendant in error, Garrett-Bromfield Mortgage Co.
Isaacson, Rosenbaum, Goldberg & Miller, John S. Pfeiffer, Denver, for defendant in error Travis Investment Co.
Robert L. McDougal, Denver, James V. Phelps, Pueblo, for defendant in error Coleman Electric Co.
No appearance for defendant in error Carroll S. Delaney.
Selected for Official Publication.
DUFFORD, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and was subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
All of the parties to this appeal were defendants in the trial court foreclosure action which was instituted by a mechanic's lien claimant who is not a party to this appeal. In this appeal, Pope Heating is plaintiff in error. The remaining parties are the defendants in error. Two of the defendants in error, Garrett-Bromfield Mortgage Company and Travis Investment Company, assert cross-error. No assertion of cross-error is made by Coleman Electric Company, and Carroll S. Delaney has made no appearance in this appeal. In our following consideration of the points of error, we shall refer to the parties by name.
The lower court judgment ordered a foreclosure sale of certain real property, granted liens against the subject property to various lien claimants, and ordered the proceeds of the foreclosure sale distributed to the lienholders in accordance with a decreed order of priority. The trial court also ruled that the plaintiff in error, Pope Heating and Air Conditioning Company, had forfeited its right to a mechanic's lien pursuant to C.R.S. 1963, 86-3-23.
Prior to the transfer of this case to this Court, the Supreme Court quashed service of the summons of this appeal as to certain mechanic's lien claimants who were awarded judgments by the trial court against the subject property. The motions to quash were granted irrevocably on the basis that service of summons had not been made within the time permitted by our then controlling Rules of Civil Procedure. That ruling is the law of this case on that question. Consequently, of some 28 mechanic's lien claimants who were successful in the lower court, only one (Coleman Electric Company) has been made a party to this appeal. Also the United States of America was not joined in this appeal, although it was an appearing party in the trial court and was awarded a lien priority position there. Our scope of review is, therefore, restricted to the comparative rightsas between themselvesof Pope Heating and Air Conditioning Company, Coleman Electric Company, Garrett-Bromfield Mortgage Company, Travis Investment Company, and Carroll S. Delaney. These are the only parties subject to the jurisdiction of this Court. 4 C.J.S. Appeal and Error § 420.

I.
Pope Heating contends the trial court improperly concluded that it had forfeited its right to claim a mechanic's lien. In ordering a forfeiture of Pope Heating's lien, the court invoked the provisions of C.R.S. 1963, 86-3-23, which reads in part as follows:
"* * * and if any person shall file either of said statements for a lien for a larger sum than is due, or to become due, in fact, or in probability, as the case may be, with intent to cheat or defraud any other person, and that fact shall appear in any proceeding under this article, such *604 person shall forfeit all rights to such lien under this article."
Pope's first assertion is that the forfeiture provisions of this statute represent an affirmative defense, which must be specifically pleaded by a party contesting the lien. We rule that the wording of the statute specifying that if the facts upon which a forefeiture is based "shall appear in any proceeding," makes the forfeiture self-operative, and a trial court may and should invoke the forfeiture on its own initiative when the facts warrant its application. See Armour & Co. of Delaware v. McPhee & McGinnity Co., 85 Colo. 262, 275 P. 12.
Pope next argues that the evidence as to his lien statement does not support the trial court's finding that the lien was subject to forfeiture. We disagree. It is uncontroverted that initially Pope bid the work which it ultimately performed at a contract price of $68,000. Following this, there was a revision of the plans and specifications for all work included within the bid and Pope executed a subcontract with Coleman Electric, the principal electrical subcontractor, to perform such work for a fixed sum of $43,000. This contract was dated January 29, 1963. After this date a dispute arose between Pope and Coleman Electric as to whether Pope was obligated under that contract to install a fire-sprinkling system. By written agreement dated June 21, 1963, Pope ratified the January 29, 1963, contract, specifically agreeing that it covered (without additional expense or obligation to Coleman Electric) the purchase and installation of the sprinkler system. It was Pope's trial contention that its contract performance was complete, with the exception of certain "clean-up work," at the time its lien statement was filed on November 26, 1963. The lien statement asserted a lien in the amount of $74,700.
At the hearing to determine the validity of the various mechanic's lien claims, there was evidence that during the month of November 1963 an officer of Pope had asserted that the amount due the Company was $43,000. Approximately $4,000 of equipment expenditures claimed by Pope was unsupported by any competent evidence. The overhead and profit charges asserted by Pope as being part of its lien claim are also virtually without supporting evidence. The Company presented time cards, which attributed 400 man hours to the "clean-up work" that Pope contended had been estimated for inclusion in the lien statement. The trial court specifically viewed this as a questionable assertion.
Considering these facts and other evidence which was before the trial court and which we need not recount here, it was proper for that court to find, on its own motion, that Pope had filed its lien claim for a larger sum than was due or which might become due in fact or in probability, and that it had done so with an intent to cheat or defraud, thereby forfeiting any right to assert its lien. Armour & Co. of Delaware v. McPhee & McGinnity Co., 87 Colo. 97, 285 P. 942.
The trial court's forfeiture of the lien being affirmed, we need not consider the arguments advanced concerning the amount Pope may claim under its lien.

II.
Garrett-Bromfield Mortgage Company, holder of a deed of trust against the real property involved, by way of cross-error, asserts that under the ruling of our Supreme Court in the cases of Joralmon v. McPhee, 31 Colo. 26, 71 P. 419, and Colorado National Bank v. F. E. Biegert Co., 165 Colo. 78, 438 P.2d 506, its lien position should be given priority over the positions of the mechanic's lien claimants who, it argues, had knowledge that it was lending construction funds. It contends this should be the result at least to the extent its loan funds could be proved as having been used for construction on the property in question.
As we have stated, we are without jurisdiction to make any modification in the priority position of those mechanic's lien *605 claimants who are not before this Court. As to the two mechanic's lien claimants who are before this Court (Pope Heating and Coleman Electric), we have held Pope Heating's lien was validly forfeited by the trial court, and accordingly no consideration need be given with respect to any comparative lien position involving that claimant.
With respect to the mechanic's lien statement of Coleman Electric Company, Garrett-Bromfield's present position is that all rights under such lien were transferred by Coleman Electric Company to it and, for such reason, Garrett-Bromfield no longer pursues its arguments made against such lien.

III.
There remains, however, the problem of the comparative priority position of Travis Investment Company as against the mechanic's lien originally awarded to Coleman Electric Company, and also as against what is now the first deed of trust held by Garrett-Bromfield. On these points, it is Travis' position that its deed of trust should be reinstated in a first lien position. Its argument is based upon the assertion that, in subordinating what were first deeds of trust to the Garrett-Bromfield deed of trust, it, Travis, did so only on the condition that there would not be any intervening mechanic's liens which would impair its subordinated deed of trust position. It is true that Travis might have expressly conditioned the terms upon which it would subordinate its purchase money deeds of trust, as was done in Colorado National Bank v. F. E. Biegert Co., supra. However, there is no evidence of such conditional subordination in this case, nor was there evidence of any collusion between Garrett-Bromfield and its borrower to divert loan funds from the construction improvements. Accordingly, Travis' act of subordination became unlimited in its effect. Cambridge Acceptance Corp. v. Hockstein, 102 N.J.Super. 435, 246 A.2d 138.

IV.
With respect to Travis Investment Company's attacks upon the trial court's findings as to the date upon which work commenced on the construction involved in this case, or whether there was a 30-day cessation of such work, it is sufficient to state that these findings related to factual questions upon which much disputed evidence was presented at trial. Our review of the record reveals that the finding of the trial court was well supported by evidence, and we perceive nothing which would demonstrate an oversight or mistake on the part of the trial court. Such being the case, we view the trial court's finding as being conclusive. Saunders v. Spina, 140 Colo. 317, 344 P.2d 469.
The judgment of the trial court is affirmed.
COYTE and DWYER, JJ., concur.