No. 20,068.

MARY MARTINEZ *v.* THE SOUTHERN UTE TRIBE.

(374 P. [2d] 691)

Decided September 17, 1962.    Rehearing denied October 8, 1962.

Mr. Bentley M. McMullin, Mr. Lewis M. Perkins, for plaintiff in error.

Mr. LaVerne H. McKelvey, Mr. R. Franklin McKelvey, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

We will refer to plaintiff in error as Mary or plaintiff, and to defendant in error as the Tribe or defendant.

It was alleged in the complaint filed by plaintiff that the Southern Ute Tribe was a recognized tribe of Indians residing within the Southern Ute Reservation in La Plata and Archuleta counties, Colorado; that pursuant to the provisions of 25 U. S. Code 476 said tribe adopted a constitution and by-laws which were ratified September 12, 1936, and approved by the Secretary of the Interior November 4, 1936; that said constitution and by-laws have at all times since adoption remained in full force and effect; that a Charter of Incorporation was issued to defendant July 11, 1938, and ratified November 1,

1938 — all as provided by 25 U. S. Code 477; that defendant at all times since November 1, 1938, has been a corporation duly organized under said statute and known as "The Southern Ute Tribe."

Plaintiff further alleged:

"7. The members of said corporation, including the plaintiff, are each and every one entitled, in common with the other members thereof, to reside on said reservation and to have the use thereof, including the timber and grazing privileges thereof and all oil and gas and other minerals underlying the same, and to receive all rents, royalties and other income derived therefrom, and to receive certain moneys on deposit in the Treasury of the United States held in trust for said tribe and corporation and its members, with the interest thereon, the exact amount and value of which is to the plaintiff unknown, but which she is informed and believes, and on such and belief alleges, is many millions of dollars.

"8. The plaintiff was born in La Plata County, Colorado, on March 19, 1930, and since the date of her birth has been a member of said tribe and since the date of the incorporation of the said corporation has been a member of said corporation, by reason of the following facts and circumstances:

"(a) The plaintiff was duly enrolled on the 1935 census of the Southern Ute Reservation and, by reason thereof, is a member of said tribe and corporation by virtue of the provisions of paragraph (a), Section 1, Article II, of the constitution thereof.

"(b) The plaintiff is the daughter of John or Juan Green and his wife Mary or Maria Green who were lawfully married at Ignacio, Colorado, on November 26, 1921, and who have at all times since been and now are husband and wife, respectively; the plaintiff's birth was duly registered and recorded upon the records of La Plata County, Colorado, and upon the tribal records, both of which show her to have been the daughter of said parents; the said John or Juan Green is, and since

birth has been, a full blood Ute Indian and a member of said tribe; and plaintiff is the child of a member of said tribe having ½ or more degree of Ute Indian blood, and, by reason thereof, is a member of said tribe and corporation by virtue of the provisions of paragraph (b), Section 1, Article II, of the constitution thereof.

"9. In the year 1950, without notice to the plaintiff, and without affording her any opportunity to be heard, and wrongfully, unlawfully and in violation of the rights possessed by and conferred upon her by the circumstances and statutes above referred to, and by said tribal and corporate constitute and charter, and contrary to the provisions of the 5th and 14th Amendments to the Constitution of the United States, the defendant denied that the plaintiff was a member of said tribe and corporation, and expelled her from said reservation, and excluded her from and deprived her of all of her rights and privileges as a member of said tribe and corporation, and has since continued to deny said rights and to exclude her from said rights and privileges, notwithstanding repeated, constant and continuing efforts to obtain redress and restitution thereof since made by the plaintiff."

It is further alleged that plaintiff has suffered damages in the sum of $500,000.00 for which she seeks judgment, and further prays for entry of a decree establishing her status as a member of said tribe and corporation.

Defendant filed a motion to dismiss plaintiff's amended complaint. The basic ground on which said motion rests is that the court has no jurisdiction over the subject matter of the action for the reason that, "* * * to determine the rights of membership in an Indian Tribe would be an invasion of the right of sovereignty of The Southern Ute Tribe of the Southern Ute Reservation, and that the rights of determination of membership in the Southern Ute Tribe * * * is a matter under the control of the Tribe solely * * *."

The trial court sustained the motion and entered

judgment dismissing the action. Plaintiff seeks reversal by writ of error.

It appears from the allegations of the amended complaint that the corporate charter of defendant contains the following provisions:

"Article II — Membership.

"Section 1. The membership of the Southern Ute Tribe of the Southern Ute Reservation shall consist of the following:

"(a) All persons duly enrolled on the 1935 census of the Southern Ute Reservation; Provided, That rights of participation shall depend upon establishment of the legal residence upon the reservation.

"(b) All children of members, if such children shall be ½ or more degree of Ute Indian blood.

\* \* \*

"3. The Southern Ute Tribe shall be a membership corporation. Its members shall consist of all persons now or hereafter members of the Tribe, as provided by its duly ratified and approved Constitution and By-laws.

\* \* \*

"5. The Tribe, subject to any restrictions contained in the Constitution and laws of the United States, or in the Constitution and By-laws of the said Tribe, shall have the following corporate powers, in addition to all powers already conferred or guaranteed by the Tribal Constitution and By-laws:

\* \* \*

"(h) To sue and be sued in courts of competent jurisdiction within the United States; but the grant or exercise of such power to sue and to be sued shall not be deemed a consent by the said Tribe or by the United States, and to the levy of any judgment, lien or attachment upon the property of the Tribe other than income or chattels specially pledged or assigned."

According to her complaint, plaintiff is a ½ blooded Ute Indian born in the United States. By act of Congress June 2, 1924, now appearing as 8 U. S. C.A. 1401

(a) (2), she was declared to be a citizen. She is in fact a resident and citizen of the United States, hence a resident and citizen of the State of Colorado. According to her amended complaint she was a member of the Southern Ute Tribe when the constitution and by-laws of the corporation were adopted and under the terms of said documents she became a member of the corporation. As a member of the corporation she became entitled to certain benefits and property rights and was entitled to share in any earnings or profits of the corporation in common with all other members; that she was expelled from the reservation and from the tribe unlawfully and wrongfully and deprived of her property rights.

She originally sought relief in the Federal courts where her action was dismissed on the ground that the claims set forth in her pleadings did not raise a federal question. *Martinez v. Southern Ute Tribe,* (10th Cir.) 249 Fed. (2d) 915; certiorari denied 356 U. S. 960. In the opinion of the Circuit Court of Appeals affirming dismissal of the action, it is said:

"She does not allege that the question of her status as a shareholder or member of the tribe is in any way involved but rather her action is in the nature of a shareholder's suit for an accounting or tort for conversion."

Article II, Sec. 6, of the Colorado Constitution provides that the "courts of justice shall be open to every person and a speedy remedy afforded for every injury to person, property or character; and right and justice shall be administered without sale, denial, or delay." Sec. 25 of the same Article declares that "no person shall be deprived of life, liberty or property without due process of law." The 14th Amendment to the Federal Constitution declares that no state shall deny to any person within its jurisdiction the equal protection of the laws.

Thus it is seen that plaintiff, having sought and been denied relief in the Federal courts, will be without a remedy of any kind if the state courts also decline to

hear her grievance, and the State of Colorado will have denied her the equal protection of its laws in violation of the 14th Amendment.

The defendant by adopting incorporation under 25 U. S. C.A. 476, and consenting to sue and be sued in courts of competent jurisdiction within the United States, has rendered itself amenable to the courts of the State of Colorado in any action of which the state courts may take cognizance. It has recourse to the state courts for the protection of its own rights and is answerable in said courts to those who assert claims against it.

The case of *Whyte v. District Court,* 140 Colo. 334, 346 P. (2d) 1012, is clearly distinguishable from the present case. There the parties were enrolled members of the Ute Mountain Tribe, were domiciled on the reservation and involved in a domestic controversy over which the tribal courts had exclusive jurisdiction. Here there is no showing of the existence of any court or tribunal to which the plaintiff may turn if the courts of Colorado reject her petition. We are here concerned only with the question of whether a corporation, even though its membership be limited to reservation Indians, may wrongfully deny to one of its members the right to participate in the enjoyment of property which it holds for the use and benefit of all its members. For the purposes of the motion to dismiss we must accept as admitted all of the material allegations of the amended complaint, and so far as appears therefrom the trial court had jurisdiction of the controversy and erred in dismissing the action.

The judgment is reversed and the cause remanded with directions to overrule the motion to dismiss.

MR. JUSTICE PRINGLE dissents.

MR. JUSTICE McWILLIAMS not participating.