UNITED STATES of America,
Plaintiff,

v.

The PAWNEE BUSINESS COUNCIL OF
the PAWNEE INDIAN TRIBE OF
OKLAHOMA et al., Defendants.

No. 73–C–11.

United States District Court,
N. D. Oklahoma,
Civil Division.

May 28, 1974.

Natham Graham, U. S. Atty., Jack M. Short, Asst. U. S. Atty., Tulsa, Okl., Lyle R. Griffis, Anadarko, Okl., for plaintiff.

Gerald Kamins, Maynard I. Ungerman, Tulsa, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

Upon consideration of the two defense Motions To Dismiss filed herein and after having studied all briefs submitted in connection therewith and having heard oral arguments on the Motions, the Court finds that said Motions should be overruled.

■ An examination of Plaintiff's ·Complaint reveals that the same states a claim upon which relief may be granted Plaintiff. Rule 12(b)(6), Federal Rules of Civil Procedure. The thrust of Plaintiff's Complaint is that in an area pre-empted by the Federal Government[1] the Executive Branch of the Federal Government acting through the Secretary of the Interior has determined the members of the Pawnee Business Council and its President[2] which determinations must be accorded full faith and credit and be accepted by the Court as final and not justiciable,[3] and that certain Defendants acting or purporting to act contrary thereto be enjoined from so conducting themselves in certain respects.[4] It ap-

---

1. The area claimed to have been pre-empted by the Federal Government is the matter of the internal affairs of Indian tribes. Worcester v. Georgia, 31 U.S. 515, 6 Pet. 515, 8 L.Ed. 483 (1832) ; Martinez v. Southern Ute Tribe Of Southern Ute Res., 249 F.2d 915 (Tenth Cir. 1957) which provides :

 " . . . The doctrine that Indian affairs are subject to control of the federal, rather than state government, arises from the constitutional powers of Congress to make treaties, to regulate commerce with the Indian tribes, to admit new states, and to administer the property of the United States and legislation enacted in pursuance of these powers. The states of Arizona, Montana, New Mexico, North Dakota, Oklahoma, South Dakota, Utah and Washington were admitted to the union under enabling acts expressly disclaiming jurisdiction over Indian affairs and this provi-

sion was consequently written into their constitutions."

2. This is claimed to have been accomplished through administrative appellate procedures prescribed by Part 2, Title 25 of the Code of Federal Register. Exhibit "A" to the Complaint is alleged to contain these final determinations of the Secretary of the Interior.

3. 25 U.S.C. § 2; Lone Wolf v. Hitchcock, 187 U.S. 553, 23 S.Ct. 216, 47 L.Ed. 299 (1903) ; State v. Gowdy, 1 Or.App. 424, 462 P.2d 461 (1969).

4. Plaintiff requests that one Defendant be enjoined from acting as President of the Pawnee Business Council contrary to the determination of the Secretary of the Interior, that two Defendants be enjoined as members of said Council contrary to the determination of the Secretary of the Interior,

pears that upon proving such allegations Plaintiff may be entitled to the relief sought.

■ As Plaintiff is the United States of America this Court has jurisdiction of an action brought by it pursuant to 28 U.S.C. § 1345. And it appears that the United States of America is a proper party to have the aforesaid final determinations of the Secretary of the Interior accorded full faith and credit and be judicially accepted as such and those acting contrary thereto enjoined from so conducting themselves.

■ Movants' assertion that an Oklahoma State Court has made a judicial determination as to who are the members of the Pawnee Business Council and who is its President is most likely to be lacking in legal effect as to Plaintiff's Complaint. This is because such State judicial determination appears to be void for lack of jurisdiction in this regard. State v. Bertrand, 61 Wash.2d 333, 378 P.2d 427 (1963). The case of Martinez v. Southern Ute Tribe, 150 Colo. 504, 374 P.2d 691 (1962) relied on by Movants is distinguished as the controversy in said case was treated as being in tort or accounting for damages and did not hold that state courts have jurisdiction over internal Indian affairs. Those Federal cases[5] relied on by Movants as holding that Federal Courts do not have jurisdiction to settle internal Indian tribal disputes are likewise not in point in this case as Plaintiff does not request this Court to settle the Pawnee Indian dispute as to who is the President of the Pawnee Business Council or who are its members. Rather, Plaintiff requests

this Court to accept the determinations of the Secretary of the Interior in this regard as final and enjoin those acting contrary to such determinations.

Movants have acknowledged in open Court that their complaint that the Pawnee Indian Tribe of Oklahoma, a corporation, is not a party Defendant is moot as it has now been made a Party Defendant and that their Complaint that the Pawnee Business Council and the Nasharo Council of the Pawnee Indian Tribe of Oklahoma are improper parties to the case for various reasons is withdrawn from consideration of the Court.

Said Motions under consideration are therefore overruled. Plaintiff is granted five (5) days to file an Amended Complaint or Amendment To Complaint if it desires. All Defendants will answer within twenty (20) days thereafter.

## MEMORANDUM OPINION

In this case brought by the United States of America against the above-named Defendants relief is requested in the form of an Order of the Court enforcing certain decisions or determinations made by the Secretary of the Interior regarding the Pawnee Business Council of the Pawnee Indian Tribe of Oklahoma (Business Council), the Nasharo Council of the Pawnee Indian Tribe of Oklahoma (Nasharo Council), the Pawnee Indian Tribe of Oklahoma, a Corporation, and the other-named Defendants in connection with their relationship with the Pawnee Indian Tribe.

The thrust of Plaintiff's Complaint is that in an area preempted by the Federal Government[1] the Executive Branch of

---

and certain other Defendants be enjoined from signing checks on tribal funds and obligating tribal funds for legal fees as they lack authority to so act and that certain Defendants be enjoined from litigating or further litigating internal tribal disputes in the State Courts of Oklahoma which disputes have been finally and conclusively determined by the Secretary of the Interior.

5. Typical are Martinez v. Southern Ute Tribe of Southern Ute Res., *supra*; Motah v. United States, 402 F.2d 1 (Tenth Cir. 1968);

Prairie Band of Pottawatomie Tribe Of Indians v. Udall, 355 F.2d 364 (Tenth Cir. 1966).

1. The area claimed to have been pre-empted by the Federal Government is the matter of the internal affairs of Indian tribes. Worcester v. Georgia, 31 U.S. 515, 6 Pet. 515, 8 L.Ed. 483 (1832); Martinez v. Southern Ute Tribe of Southern Ute Res., 249 F.2d 915 (Tenth Cir. 1957) which provides:

" . . . The doctrine that Indian affairs are subject to control of the fed-

the Federal Government acting through the Secretary of the Interior has determined, inter alia, the members of the Business Council and its President, the role of the Nasharo Council and that the May 5, 1973 election was invalid, which determinations [2] must be accorded full faith and credit and be accepted by the Court as final and not justiciable [3] and that certain Defendants acting or purporting to act contrary thereto be enjoined from so conducting themselves in certain respects.[4]

This Court has jurisdiction of this action brought by the United States of America. 28 U.S.C. § 1345. The United States of America is a proper party to have the aforesaid final determinations of the Secretary of the Interior accorded full faith and credit and be judicially enforced as such and those acting contrary thereto enjoined from so conducting themselves.

The facts of this controversy are not in significant dispute and the parties have been able to present the case to the Court by exhibits and stipulations as to what the testimony of certain witnesses would be. The request by cross-claim of certain of the Defendants for an accounting of tribal funds by certain other Defendants was withdrawn from the case and consideration by the Court by those seeking same.

It appears that in May, 1971 a Business Council was elected. Defendant Chapman became President in 1972. The Business Council subsequently removed him from the Presidency. A new President was elected in the person of Austin Realrider. By the procedure set out in Part 2, Title 25 of the Code of Federal Regulations, as authorized by 25 U.S.C. §§ 2 and 9, regarding "Appeals from Administrative Actions" (actions or decisions by officials of the Bureau of Indian Affairs) Chapman appealed to the Superintendent of the Pawnee Agency who determined the removal action to be invalid. Opposing Defendants then appealed to the Area Director who declined to intervene on the ground that the matter was an internal tribal affair which decision had the effect of negating the earlier determination of the Superintendent. Chapman then appealed directly to the Secretary of the Interior. The Commissioner of Indian Affairs recognized this request and forwarded the appeal to the Secretary of the Interior with the recommendation that he entertain the same without any action by the Commissioner. On August 3, 1972 the Secretary of the Interior made his determinations which were briefly that Chapman had been validly removed as President in a reorganization of the Business Council, that Austin Realrider was the elected President of the Business Council, the membership of the Business Council was stated and the role of the Nasharo Council was defined as having

eral, rather than state government, arises from the constitutional powers of Congress to make treaties, to regulate commerce with the Indian tribes, to admit new states, and to administer the property of the United States and legislation enacted in pursuance of these powers. The states of Arizona, Montana, New Mexico, North Dakota, Oklahoma, South Dakota, Utah and Washington were admitted to the union under enabling acts expressly disclaiming jurisdiction over Indian affairs and this provision was consequently written into their constitution."

2. These determinations are claimed to have been accomplished through administrative appellate procedures prescribed by Part 2, Title 25 of the Code of Federal Register. Exhibit "A" to the Complaint is alleged to contain these final determinations of the Secretary of the Interior except the last was made by a letter dated April 20, 1973.

3. 25 U.S.C. § 2; Lone Wolf v. Hitchcock, 187 U.S. 553, 23 S.Ct. 216, 47 L.Ed. 299 (1903); State v. Gowdy, 1 Or.App. 424, 462 P.2d 461 (1969).

4. Plaintiff requests that one Defendant be enjoined from acting as President of the Pawnee Business Council contrary to the determination of the Secretary of the Interior, that two Defendants be enjoined from acting as members of said Council contrary to the determinations of the Secretary of the Interior, and certain other Defendants be enjoined from signing checks on tribal funds and obligating tribal funds for legal fees as they lack authority to so act.

no voting power in the conduct of regular business nor in the election of officers of the Business Council,[5] all such determinations being made under and pursuant to the Constitution and By-Laws of the Pawnee Indians of Oklahoma. Supplemental to these determinations and on April 20, 1973 the Secretary of the Interior determined that an election proposed (and later conducted) by the Chapman faction on May 5, 1973 would be illegal as the same would not be conducted in accordance with rules and regulations established and promulgated by the duly constituted Business Council as determined by the decision of August 3, 1972.

Plaintiff thus seeks to enforce these decisions or determinations of the Secretary of the Interior which determined the membership and President of the Business Council (and its present incumbency inasmuch as the May 5, 1973 election was determined to have been improperly conducted) the role of the Nasharo Council and that the May 5, 1973 election was invalid.

Plaintiff's requested relief herein is opposed by certain Defendants, (the Chapman group) on the grounds that the State District Court in and for Pawnee County, Oklahoma, in a land controversy before it has heretofore determined the Business Council membership and its President and did so in favor of the Chapman group and has enjoined Realrider and certain of his group, both individually and jointly, from committing any acts purportedly on behalf of the Pawnee Indian Tribe except that certain of them were entitled to participate as members of the Business Council at officially called meetings. These Defendants also deny that this Court has jurisdiction to entertain the request of the

Plaintiffs; deny that the Secretary of the Interior has jurisdiction over the Defendants; assert that the issues are moot by reason of the May 5, 1973 election and that the administrative decisions or determinations of the Secretary of the Interior were improper for lack of due process, because the same are arbitrary and capricious, because no adversary hearings were held or record kept, because matters occurring after the first appeal were considered by the Secretary, because certain erroneous findings were entered by the Secretary, because of a failure of the Secretary to have before him all the necessary facts, that the determination of the Secretary of the Interior on the May 5, 1973 election was not validly accomplished and because Plaintiff is estopped to question the May 5, 1973 election for failure to take action before the election was conducted.

 The Court recognizes the legion cases from this Circuit and elsewhere that the Federal Courts are without jurisdiction to entertain and decide internal Indian tribal affairs, matters or disputes;[6] that Congress had exclusive plenary legislative authority over such affairs and has designated and empowered the Secretary of the Interior in this regard. Worcester v. Georgia, 31 U.S. 515, 6 Pet. 515, 8 L.Ed. 483 (1832); Martinez v. Southern Ute Tribe of Southern Ute Res., 249 F.2d 915 (Tenth Cir. 1957). The Court must further recognize that this prohibition of judicial action must also apply to State Courts as well as Federal Courts. This being so, the Court finds and declares that, as the membership of the Business Council and who is its President are internal tribal affairs, the judicial determinations in these respects and any injunctive order in support thereof by the District Court

---

5. By the Constitution and By-Laws of the Pawnee Indians of Oklahoma the Nasharo Council has the right to review matters of tribal membership and rights growing out of treaties.

6. Typical are Martinez v. Southern Ute Tribe of Southern Ute Res., *supra*; Motah v. United

States, 402 F.2d 1 (Tenth Cir. 1968); Prairie Band of Pottawatomie Tribe Of Indians v. Udall, 355 F.2d 364 (Tenth Cir. 1966) and the recent case of National Indian Youth Coun. Int. Ind. Sch. Chap. v. Bruce, 485 F.2d 97 (Tenth Cir. 1973).

of Pawnee County, Oklahoma as aforesaid are void for lack of jurisdiction.[7] The Court further finds that the administrative appeal prescribed by Part 2 of Title 25, Code of Federal Regulations, and as applied to this controversy, was not lacking in due process and the appellate procedures were substantially followed without prejudice to Chapman and his group. It is noted that Chapman himself initiated the appellate procedure and then took the final appellate step to the Secretary of the Interior. He was afforded an ample opportunity (and did exercise the same) to present a statement of his reasons for the appeals and any arguments he wished to make in support of his reasons and position. Further, the Court finds that the Secretary of the Interior was acting within his jurisdiction and within the scope of review prescribed by Section 2.37 of the Appeals Regulations [8] and that his determinations are not arbitrary and capricious. Also the issues are not moot as the Secretary of the Interior has determined the May 5, 1973 election to be invalid and is not recognized. Furthermore, the evidence before the Court does not support the claimed estoppel [9] against the Plaintiff. The Chapman group was not misled by Plaintiff about the May 5, 1973 election. To the contrary, they were told in advance thereof by Plaintiff that the election was illegally called. No erroneous findings by the Secretary of the Interior of any significance are found to be present. An adversary hearing is not prescribed,[10] the Secretary appears to have had all necessary facts before him and he was entitled to consider any information available to him whether a part of the record of not.[11]

The Court therefore finds and concludes that the determinations of the Secretary of the Interior involved herein should be enforced by the Court and those acting contrary thereto should be enjoined from such conduct. Counsel for Plaintiff will prepare an appropriate Judgment based on the foregoing and after circulation present the same to the Court for signature and entry herein.

7. 25 U.S.C. § 2; State v. Bertand, 61 Wash. 2d 333, 378 P.2d 427 (1963) ; State v. Gowdy, *supra*; Lone Wolf v. Hitchcock, *supra*.

8. "§ 2.37 Scope of review.
When a matter is before an official of the Bureau of Indian Affairs or higher echelon of the Department of the Interior on appeal, any information available to the reviewing officer may be used whether formally part of the record, if any, or not, but where reliance is placed on information not of record such information shall be identified as to source and nature."

9. "Estoppel" is a term of wide implication, and implies that one who by his deed or conduct has induced another to act in a particular manner will not be permitted to adopt an inconsistent position, attitude, or course of conduct and thereby cause loss or injury to such other." 31 C.J.S. Estoppel, § 1a, page 288.

10. Nor required as the facts were not in dispute and only law questions under the Constitution and By-Laws were involved. See Citizens for Allegan County, Inc. v. Federal Power Com'n., 134 U.S.App.D.C. 229, 414 F.2d 1125 at 1128 (1969).

11. See note 8, *supra*.