876 P.2d 134

**David ROBLES, Plaintiff–Respondent,**

v.

**SHOSHONE–BANNOCK TRIBES, a corporation, Defendant–Appellant.**

**No. 20399.**

Supreme Court of Idaho, Pocatello.

June 8, 1994.

Jeanette Wolfley, Fort Hall, for appellant.

Racine, Olson, Nye, Cooper & Budge, Pocatello, for respondent.

ON THE BRIEFS

TROUT, Justice.

## NATURE OF THE CASE

This case involves a claim for back wages brought against The Shoshone–Bannock Tribes. The magistrate court denied the defendant's motion to dismiss for lack of subject matter jurisdiction and the defendant appealed. We affirm.

## FACTS AND PROCEDURAL HISTORY

From 1985 to 1989, David Robles ("Robles") was employed in the property department at the Tribal Business Center on the Fort Hall Reservation in Bannock County, Idaho. In November of 1990, Robles filed a complaint in state court naming as the defendant "The Shoshone–Bannock Tribe, a corporation" (the "corporation") and seeking back pay he alleged was owed to him resulting from his being paid on an improper pay scale.

In December of 1990, the corporation filed a motion to dismiss on subject matter jurisdiction grounds, arguing that Robles was employed not by the corporation but by the tribal government, a separate legal entity over which a state court could not exercise jurisdiction, which motion was denied by the magistrate court.[1] In denying that motion,

---

1. The Indian Reorganization Act ("IRA"), 25 U.S.C. § 461 *et seq.*, provides for the creation of two separate entities—a tribal government, organized under Section 16 of the IRA, 25 U.S.C. § 476, and a tribal corporation, organized under Section 17 of the IRA, 25 U.S.C. § 477. Section 16's purpose is to facilitate and to stabilize the tribal organization of Indians residing on the same reservation for their common welfare. It is their political organization. In recognition that

the magistrate court held that the corporation had failed to provide a factual basis for this argument. Defendant filed a motion for reconsideration which was denied. In denying the motion for reconsideration, the magistrate court stated that Robles "was employed by the Shoshone–Bannock Tribes, Inc., pursuant to his *'NOTICE OF AP-POINTMENT.'*"

In October of 1991 a motion to file certification of appeal was denied and the matter was set for trial for December of 1991. A permissive appeal to the district court was sought and granted pursuant to I.A.R. 12(b). In granting the permissive appeal, the district court stated that the appeal would involve the jurisdictional issue only and that the factual issue of plaintiff's employer would not be considered. The district court, in a decision and order issued on November 18, 1992, held that there was a factual issue as to the plaintiff's employer and remanded the case to the magistrate court for a jury trial on that issue. Regarding jurisdiction, the district court held that if the plaintiff's employer were the tribal government, principles of sovereignty and self-government would apply and state court jurisdiction over the wage claim would be an infringement on, and precluded by, the right to self-rule. Finally, the district court determined that if Robles were employed by the corporation, the corporation had waived its sovereign immunity in its corporate charter by virtue of a sue and be sued clause therein and was thereby subject to state court jurisdiction. The matter was set for jury trial for February of 1993. This appeal followed.[2]

## DISCUSSION

### I.

### THE MOTION TO DISMISS AND THE MOTION FOR RECONSIDERATION

 On appeal from an order of the district court reviewing a determination of the magistrate court, this Court reviews the trial court independent of, but with due regard for, the district court's decision. *State v. Bitt*, 118 Idaho 584, 585 n. 1, 798 P.2d 43, 44 n. 1 (1990). The magistrate court denied the defendant's motion to dismiss and its motion for reconsideration and it is this denial which we review.

The magistrate court denied the defendant's motion to dismiss because the defendant failed to present factual evidence in support of its argument that Robles was employed by the tribal government, which lack of evidence precluded dismissal. This was not error. In its motion for reconsideration, the defendant submitted affidavit evidence to support its argument that Robles was employed by the tribal government, not the corporation. However, in opposition thereto, Robles submitted his own affidavit stating that he thought he worked for the tribal corporation, along with his notice of appointment which contained the heading "Shoshone–Bannock Tribes, Inc." These affidavits reflect a factual question as to who employed Robles. Thus, the magistrate court did not err in denying the motion for reconsideration. *Anderson v. Gailey*, 97 Idaho 813, 820, 555 P.2d 144, 151 (1976) (no error in denying a motion to dismiss on

a tribe's sovereign immunity would put it at a competitive disadvantage in obtaining credit and entering into business transactions, Congress provided for Section 17 incorporation by the tribe. Section 17's purpose is to enable tribes to conduct business in the corporate form. A Section 17 corporation is composed of the same members as the political body but is a separate entity. A Section 17 corporation may waive the protection of sovereign immunity. This is generally done through a sue and be sued clause in the corporate charter. Many tribes are organized under both Section 16 and Section 17. *See generally Dixon v. Picopa Const. Co.*, 160 Ariz. 251, 255 n. 8, 772 P.2d 1104, 1108 n. 8 (1989); *S. Unique, Ltd. v. Gila River Pima–Maricopa Indian Community*, 138 Ariz. 378, 382–84, 674 P.2d

1376, 1380–82 (Ct.App.1983); *Parker Drilling Co. v. Metlakatla Indian Community*, 451 F.Supp. 1127, 1131 (D. Alaska 1978); *Atkinson v. Haldane*, 569 P.2d 151, 170–75 (Alaska 1977). The Shoshone–Bannock Tribes are organized under both Section 16 and Section 17.

2. Counsel for appellant did not appear for oral argument and this matter was submitted on the briefs. The record before us does not contain certain documents which the parties rely on in their briefs, including the corporate charter and bylaws, constitution and the Law and Order Code of the tribe, although these documents were included in the briefs submitted to this Court.

jurisdictional grounds where the defendant had not shown by pleadings or affidavits that there was no genuine issue of fact regarding jurisdiction; because jurisdiction depended upon the resolution of a contested issue of fact, the court had to defer its decision of that question until the resolution of the factual issue by the jury).[3]

## II.

## STATE COURT JURISDICTION OVER THE CORPORATION

■ The parties presented arguments in their briefs regarding the district court's determination of jurisdiction over the corporation. We address this issue to provide guidance to the trial court.

The district court held, and there is no question, that if Robles were employed by the tribal government, state court jurisdiction would be precluded by principles of tribal self-government. The more difficult question involves state court jurisdiction over the tribal corporation.

The district court held that a sue and be sued clause in the corporate charter serves to waive the sovereign immunity that the corporation would otherwise have. That is, the sue and be sued provision in the corporate charter subjects the corporation to suit.[4] We agree.[5] *See, e.g., Brunette v. Dann,* 417

F.Supp. 1382, 1385 (D. Idaho 1976) (sue and be sued provision in a corporate charter constitutes consent to suit); *Rosebud Sioux Tribe v. A & P Steel, Inc.,* 874 F.2d 550, 552 (8th Cir.1989) (sue and be sued provision in a corporate charter is an express waiver of immunity); *Gold v. Confederated Tribes of Warm Springs Indian Reservation,* 478 F.Supp. 190, 196 (D. Oregon 1979) (holding that a corporate "sue and be sued" waiver does not apply to actions of the tribe as a government but does apply to the tribal corporation); *Parker Drilling Co. v. Metlakatla Indian Community,* 451 F.Supp. 1127, 1136–37 (D. Alaska 1978) (sue and be sued provision constitutes a consent to suit against the tribal corporation); *Atkinson v. Haldane,* 569 P.2d 151, 174–75 (Alaska 1977) (recognizing that a tribal corporation could consent to suit with a sue and be sued clause); *Kenai Oil & Gas, Inc. v. Department of Interior,* 522 F.Supp. 521, 528 (D. Utah 1981), *aff'd,* 671 F.2d 383 (10th Cir.1982) (the effect of a sue and be sued provision in the charter of a tribal corporation would be to waive any immunity it would otherwise have).

However, a determination that the corporation is subject to suit does not end the jurisdictional inquiry. The tribal corporation may be subject to suit, but the correct forum for such suit may not be a state court.

3. It is not clear what the magistrate court intended in denying the motion for reconsideration by its statement that Robles "was employed by the Shoshone–Bannock Tribes, Inc. pursuant to his *'NOTICE OF APPOINTMENT'* ". The magistrate denied the motion for reconsideration, presumably for the same reason it denied the motion to dismiss, that is because a factual question on the employer issue precluded granting the motion. Because we review the denial of the motion and not the magistrate court's statement made in doing so, and because we agree that a factual issue exists regarding Robles' employer, we do not consider the import of this statement.

4. We note that the record before us does not contain the corporation's corporate charter, so we cannot speak on its terms as a matter of record. The corporate charter was contained in the briefs submitted to this court and, for purposes of discussion herein, we assume the charter provisions are as in the briefs. The charter provides the corporation with the power "[t]o sue and be sued in courts of competent jurisdiction within the United States ..."

5. We note the term "sovereign immunity" is generally associated with immunity from tort claims. The wage claim involved herein is not a tort claim. The nature of plaintiff's claim is not at issue but is more likely a contract claim. We recognize further that in non-tort cases, such as a contract case, there generally would not be a question of sovereign immunity. Rather, the question would be whether, by entering into the contract, the tribal corporation subjected itself to suit. Respondent has made no argument that a contractual basis for state court jurisdiction exists and we make no holding regarding the merits of any such argument. The term "sovereign immunity" is used by courts generally to refer to the exemption from suit which the tribal corporation would have absent the waiver. *See, e.g., S. Unique, Ltd. v. Gila River Pima–Maricopa Indian Community,* 138 Ariz. 378, 674 P.2d 1376 (Ct. App.1983) (breach of contract claim). As we discuss herein, a tribal corporation's being subject to suit does not answer the question of the proper forum for that suit.

State court jurisdictional law involving the Indian as an individual or as a tribe has developed tortuously over a period of time. The cases reveal complicated issues involving not only state but federal law, the interplay between the two and what this Court has previously called the "schizoid" policies of the federal government toward the Indian. *Sheppard v. Sheppard,* 104 Idaho 1, 11, 655 P.2d 895, 905 (1982). Because this Court has thoroughly considered the history and development of these jurisdictional rules on prior occasions, we do not repeat that discussion herein. *See generally State v. Major,* 111 Idaho 410, 725 P.2d 115 (1986); *Sheppard,* 104 Idaho 1, 655 P.2d 895 (1982); *Boyer v. Shoshone–Bannock Indian Tribes,* 92 Idaho 257, 441 P.2d 167 (1968).

Under Idaho law, state court jurisdiction over Indian affairs can be founded on one of two statutes. I.C. §§ 67–5101, –5102. Under I.C. § 67–5101, Idaho accepted jurisdiction over certain enumerated matters pertaining to Indian affairs including: compulsory school attendance; juvenile delinquency; dependent, neglected and abused children; insanity and mental illness; public assistance; domestic relations; and highways. This case, involving a wage dispute, is not included in I.C. § 67–5101 and that section cannot be a basis for state court jurisdiction.

Under I.C. § 67–5102, Idaho state courts can assume additional jurisdiction over other Indian affairs with the consent of individual tribal governing bodies. *Boyer v. Shoshone–Bannock Indian Tribes,* 92 Idaho 257, 441 P.2d 167 (1968).[6] This Court has held that I.C. § 67–5102 requires "in effect, [ ] a bilateral agreement between the State of Idaho and the [ ] [t]ribe to confer jurisdiction to the state courts." *Id.* at 262, 441 P.2d at 172; *see also id.* at 262, 441 P.2d at 172 (a sue and be sued clause, standing by itself, was not sufficient to show acceptance by the tribe of state jurisdiction for an action not included in

I.C. § 67–5101). *See also Snowbird Constr. Co. v. United States,* 666 F.Supp. 1437, 1444 (D. Idaho 1987) (sue and be sued clause does not determine in what forum a suit against the Housing Authority may properly be brought); *Kenai Oil & Gas v. Department of Interior,* 522 F.Supp. 521 (D. Utah 1981), *aff'd,* 671 F.2d 383 (10th Cir.1982) (same); *Weeks Constr., Inc. v. Oglala Sioux Hous. Auth.,* 797 F.2d 668 (8th Cir.1986) (same). *But see S. Unique, Ltd. v. Gila River Pima–Maricopa Indian Community,* 138 Ariz. 378, 674 P.2d 1376 (Ct.App.1983); *Martinez v. Southern Ute Tribe,* 150 Colo. 504, 374 P.2d 691 (1962).

The corporation's motion to dismiss alleged lack of subject matter jurisdiction. In denying the motion to dismiss the magistrate court did not rule as a matter of law that it had jurisdiction. The magistrate court's ruling did not remove the question of jurisdiction from the proceedings; its holding was simply that the moving party could not prevail on the motion to dismiss. *Anderson,* 97 Idaho at 820, 555 P.2d at 151. Thus, the corporation may continue to assert lack of subject matter jurisdiction. In pursuing this case, Robles should note that the jurisdictional challenge will likely be raised again. Robles has the burden of establishing that the tribe has consented to state court jurisdiction. *State v. Major,* 111 Idaho 410, 725 P.2d 115 (1986). Unless he can present evidence of the agreement required by I.C. § 67–5102, and the record before us contains no evidence which would convince us that there is such an agreement, the case will ultimately be dismissed for lack of subject matter jurisdiction, even if Robles is found to have worked for the corporation.

## CONCLUSION

We affirm the denial of the motion to dismiss and motion for reconsideration and remand this case to the magistrate court for

---

6. Idaho Code section 67–5102 provides:
 Additional state jurisdiction in criminal and civil causes of action may be extended to particular reservations or Indian country with the consent of the governing body of the tribe occupying the Indian country effected [affected] by the assumption of such additional jurisdiction. This may be achieved by negotiation with the tribe or by unilateral action by the tribe. In every case the extent of such additional jurisdiction shall be determined by a resolution of the tribal governing body and become effective upon the tribe's transmittal of the resolution to the attorney general of the state of Idaho....

further proceedings consistent with this opinion. Costs to respondent on appeal. Each party to bear their own attorney fees.

McDEVITT, C.J., and BISTLINE, JOHNSON and SILAK, JJ., concur.